IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ALLIANCE FOR AUTOMOTIVE INNOVATION,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

On Petition For Review of Final Rule of the
United States Department of Transportation

**PETITIONER'S MOTION TO LIFT ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27, Petitioner Alliance for Automotive Innovation (the Alliance) respectfully requests that the Court lift the abeyance and issue a briefing schedule. The Department of Transportation opposes this motion.

1. The Alliance filed this petition to challenge the Department of Transportation's final rule entitled *Federal Motor Vehicle Safety Standards; Automatic Emergency Braking Systems for Light Vehicles*, 89 Fed. Reg. 39686 (May 9, 2024*), as amended on reconsideration by Federal Motor*

*Vehicle Safety Standards; Automatic Emergency Braking Systems for Light Vehicles*, 89 Fed. Reg. 93199 (Nov. 26, 2024) (the Rule). *See* Doc. 2094786, at 1-2. The Department published the final rule, as amended, on November 26, 2024. *See* 89 Fed. Reg. at 93199.

2. The Rule relates to automatic emergency braking (AEB) systems in light vehicles, which are systems intended to detect when crashes are imminent and automatically apply the vehicles' brakes if the drivers have not already done so. *See* 89 Fed. Reg. at 39687. Specifically, the Rule requires manufacturers to install AEB systems in all new light vehicles and sets out specific performance requirements that the AEB systems must meet and tests that the AEB systems must pass. *See id.* at 39690, 39779-95. The Rule's compliance date is September 1, 2029, meaning that all light vehicles manufactured on or after the date must be equipped with AEB systems that meet the requirements of the Rule (except the compliance date for small-volume manufacturers is September 1, 2030). *Id.* at 39780. Given the lead times needed to develop the systems contemplated by the Rule (to the extent those systems are feasible), and then to certify compliance with the Rule (to the extent compliance is possible), manufacturers already have begun to expend significant resources.

3. The Alliance represents the major vehicle manufacturers and many suppliers to the automotive industry. *Our Members*, Alliance for Automotive Innovation (2026), bit.ly/49x4rfd. Its members are directly affected by the Rule and must undertake significant financial investments and operational changes to try to meet the Rule's requirements by the compliance date, to the extent compliance even is possible. *See* Ltr. from the Alliance to NHTSA at 3-4 (Mar. 26, 2024), bit.ly/4eutl2t.

4. On January 17, 2025, the Alliance filed this petition for review on behalf of its members to challenge the Rule. Doc. 2094786; *see* 49 U.S.C. § 30161(a) (challenge to a rule setting out a motor vehicle safety standard must be filed within 59 days of the rule's promulgation).

5. On February 24, 2025, the Department moved to hold this case in abeyance. *See* Doc. 2102238. The Department noted that, following the change in Administration, the Department was reviewing the Rule and that the agency's review "could lead to [the Rule's] modification." *Id.* at 2. In those circumstances, the Alliance agreed that the case should be held in abeyance. *See id.*

6. On February 28, 2025, the Court granted the Department's motion and ordered that the case be held in abeyance. *See* Doc. 2103388. The Court directed the Department to file periodic status reports while the

agency conducts its review of the Rule, and ordered the parties to file motions to govern future proceedings within 30 days of the completion of the agency's review. *See* Doc. 2126672.

7. Since then, the Department has filed seven status reports, most recently on May 7, 2026. *See* Doc. 2113253 (filed Apr. 28, 2025); Doc. 2123657 (filed July 3, 2025); Doc. 2136140 (filed Sept. 22, 2025); Doc. 2151712 (Dec. 22, 2025); Doc. 2157678 (filed Feb. 5, 2026); Doc. 2165076 (filed Mar. 23, 2026); Doc. 2172174 (filed May 7, 2026). In its first three reports, the Department stated that it was "continuing to review the rule." *E.g.*, Doc. 2113253, at 1. In its four most recent reports, the Department reiterated that it was continuing to review the rule, and stated that it was "working on a notice of proposed rulemaking that would, if finalized, amend the rule at issue in this litigation." *E.g.*, Doc. 2151712, at 1-2 (citing Off. of Info. & Regulatory Aff., Off of Mgmt. & Budget, Exec. Off. of the Pres., *Amendments to FMVSS No. 127; Light Vehicle Automatic Emergency Braking*, bit.ly/4un5ZAp). In each of its reports, the Department requested that the Court continue to hold the case in abeyance. *E.g.*, *id.* at 2. The Alliance did not object to the Department's first six requests, *e.g.*, *id.*, but for the reasons set out in this motion, the Alliance objects to the Department's most recent request, *see* Doc. 2172174, at 2.

8. In the year-plus that this case has been held in abeyance, the Alliance has met with the Department on three occasions to explain the Alliance's objections to the Rule and to urge the Department to move forward with its review of, and revisions to, the Rule. Specifically, the Alliance met with the Department on March 14, 2025, June 12, 2025, and January 20, 2026. As the Alliance explained to the Department at those meetings, the need for resolution is urgent because the agency has not vacated the date for complying with the Rule, and it will take several years – and many millions of dollars in investments – for the Alliance's members to attempt to engineer, test, and manufacture the AEB systems contemplated by the Rule, which may not even be technologically feasible.

9. On April 27, 2026, counsel for the Alliance contacted counsel for the Department to discuss the May 7, 2026, status report. In light of the compliance deadline and its members' need for certainty, counsel for the Alliance told counsel for the Department that the Alliance could no longer agree that the case should be held in abeyance.

10. Specifically, sixteen months have passed since the petition was filed, and the Department has not taken any formal steps to reopen the Rule. Although the deadline is now just over three years away (*i.e.*, two model years), the Department has not yet proposed any revisions to the Rule

that would address the Alliance's substantive concerns with the Rule and has not provided a date by when it intends to do so.  The Department also has not yet proposed any changes to the deadlines for compliance with the Rule.  At this point, the Alliance and its members can no longer wait given the time and expense required to try to make the design and manufacturing changes needed to comply with the Rule (to the extent compliance even is possible).  The Alliance and its members believe that the Rule is invalid for many reasons and should not be forced to undertake those significant efforts while the case continues to be held in abeyance.

11.    Accordingly, the Alliance respectfully requests that this Court lift the abeyance, set a deadline for the Department to file the certified index of record, and set briefing schedule, so that this case can proceed.

12.    On May 6, 2026, undesigned counsel contacted counsel for the Department for its position on the motion.  Counsel for the Department indicated that the Department would oppose the relief requested.

## CONCLUSION

The Court should lift the abeyance, set a deadline for the Department to file the certified index of record, and set a briefing schedule for the parties to brief the case on the merits.

Respectfully submitted,

/s/ *Nicole A. Saharsky*

| | |
|---|---|
| Charles H. Haake | Nicole A. Saharsky |
| Jessica L. Simmons | Erika Z. Jones |
| ALLIANCE FOR AUTOMOTIVE INNOVATION | Minh Nguyen-Dang |
| | MAYER BROWN LLP |
| 1050 K Street NW, Suite 650 | 1999 K Street NW |
| Washington, DC 20001 | Washington, DC 20006 |
| Tel: (202) 326-5500 | (202) 263-3000 |
| | nsaharsky@mayerbrown.com |

Dated: May 7, 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion:

(i)     complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,204 words; and

(ii)    complies with the typeface and style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because this document has been prepared using Microsoft Word for Microsoft Office 365 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Dated:  May 7, 2026                     /s/ *Nicole A. Saharsky*
                                        Nicole A. Saharsky

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2026, the forgoing was filed with the Clerk of the United States Court of Appeals for the D.C. Circuit via the Court's CM/ECF system, which will send notice of the filing to all counsel who are registered CM/ECF users.

/s/ *Nicole A. Saharsky*
Nicole A. Saharsky