ORAL ARGUMENT NOT YET SCHEDULED
**No. 25-1026**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ALLIANCE FOR AUTOMOTIVE INNOVATION,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

On Petition For Review of Final Rule of the
United States Department of Transportation

**PETITIONER'S RESPONSE TO STATUS REPORT**

Petitioner Alliance for Automotive Innovation (the Alliance) files this response to the status report filed by the Department of Transportation on August 5, 2026 (Doc. 2186811). The Alliance respectfully requests that the Court lift the abeyance in this case. The case has been held in abeyance since February 2025, and the Department has not proposed any changes to the Rule. In the meantime, the Alliance's members are suffering real and concrete harm, as the compliance date for the Rule is fast approaching. The

Alliance therefore respectfully requests that this Court lift the abeyance so that the legal challenge to the Rule can proceed.

1.    The Alliance filed this petition to challenge the Department of Transportation's final rule entitled *Federal Motor Vehicle Safety Standards; Automatic Emergency Braking Systems for Light Vehicles*, 89 Fed. Reg. 39686 (May 9, 2024*), as amended on reconsideration by Federal Motor Vehicle Safety Standards; Automatic Emergency Braking Systems for Light Vehicles*, 89 Fed. Reg. 93199 (Nov. 26, 2024) (the Rule).  *See* Doc. 2094786, at 1-2.  The Department published the Rule, as amended, on November 26, 2024.  *See* 89 Fed. Reg. at 93199.

2.    On February 24, 2025, the Department moved to hold this case in abeyance.  *See* Doc. 2102238.  The Department explained that it was reviewing the Rule, which "could lead to [the Rule's] modification."  *Id.* at 2.  The Alliance did not oppose the Department's motion.  *See id.*  On February 28, 2025, the Court granted the Department's motion, *see* Doc. 2103388, and directed the Department to file periodic status reports, *see* Doc. 2126672.

3.    Since that time, the Department has not proposed any amendments to the Rule.  It initially listed a notice of proposed rulemaking (NPRM) on its regulatory agenda with a target date of February 2026, but no NPRM was issued.  *See* Off. of Info. & Regulatory Aff., Off. of Mgmt. &

Budget, Exec. Off. of the Pres., *Amendments to FMVSS No. 127; Light Vehicle Automatic Emergency Braking*, bit.ly/4un5ZAp. It then set a revised target date of July 2026 for its NPRM, but no NPRM was issued. *See* Off. of Info. & Regulatory Aff., Off. of Mgmt. & Budget, Exec. Off. of the Pres., *Amendments to FMVSS No. 127; Light Vehicle Automatic Emergency Braking*, bit.ly/4wJTSiF. The Alliance has repeatedly asked the Department for updates on its status, and the Department has not provided further information.

4.      On May 7, 2026, the Alliance moved the Court to lift the abeyance. *See* Doc. 2172328. The Alliance explained that the Rule requires its members to implement advanced automated emergency braking (AEB) systems in every new vehicle they sell by September 2029, and that its members would need to make significant investments now to comply with the Rule's requirements, to the extent compliance even is possible. *Id.* at 2 (citing 89 Fed. Reg. at 39780). The Alliance's motion is fully briefed and remains pending before the Court.

5.      The Department's most recent status report states that the Department is continuing to review the Rule and requests that the Court continue holding the case in abeyance. Doc. 2186811, at 2. The Department

3

has not provided any timeline for when it might complete its review of the Rule and publish a NPRM.

6.    The Alliance strongly opposes continuing to hold this case in abeyance.  The case was filed in January 2025, *see* Doc. 2094786, and has been held in abeyance since February 2025, *see* Doc. 2103388.  The Alliance originally agreed to hold the case in abeyance because the Department stated that it was potentially reconsidering the Rule.  *See* Doc. 2102238, at 2.  But that was more than one and one-half years ago, and the Department has not issued any proposal to modify the Rule, nor provided the Alliance with any additional information about its timing.

7.    The Alliance asks this Court to lift the abeyance because of the significant and unjustified burdens the continued abeyance places on the Alliance's members.  As the Alliance explained in its pending motion, the Rule requires the Alliance's members to implement advanced AEB systems in all new vehicles by September 2029.  Doc. 2172328, at 2.  Yet, to the extent that portions of the Rule are potentially technologically feasible, significant lead times (as well as millions of dollars in investments) will be required to develop, test, and implement the complex AEB systems contemplated.  *See* Doc. 2172328, at 5; Doc. 2174995, at 2-6.  The Alliance's members must begin making those significant investments *now* if they wish to

4

have any chance of implementing changes to attempt to comply with the Rule by the regulatory deadline. *See* Doc. 2172328, at 5-6; Doc. 2174995, at 5-8. They should not be required to make those investments when they have presented serious challenges to the Rule's validity. The government's continued delay thus has placed the Alliance's members in an impossible position.

8.    For these reasons, this Court should grant the Alliance's motion to lift the abeyance, lift the abeyance, set a deadline for the Department to file the certified index of record, and set a briefing schedule for the parties to brief the case on the merits.

Respectfully submitted,

/s/ *Nicole A. Saharsky*

| | |
|---|---|
| Charles H. Haake | Nicole A. Saharsky |
| Jessica L. Simmons | Erika Z. Jones |
| ALLIANCE FOR AUTOMOTIVE INNOVATION | Minh Nguyen-Dang |
| | MAYER BROWN LLP |
| 1050 K Street NW, Suite 650 | 1999 K Street NW |
| Washington, DC 20001 | Washington, DC 20006 |
| Tel: (202) 326-5500 | (202) 263-3000 |
| | nsaharsky@mayerbrown.com |

Dated:  August 7, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this response:

(i)    complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 843 words; and

(ii)    complies with the typeface and style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because this document has been prepared using Microsoft Word for Microsoft Office 365 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Dated:  August 7, 2026                    /s/ *Nicole A. Saharsky*
                                         Nicole A. Saharsky

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, the foregoing was filed with the Clerk of the United States Court of Appeals for the D.C. Circuit via the Court's CM/ECF system, which will send notice of the filing to all counsel who are registered CM/ECF users.

/s/ *Nicole A. Saharsky*
Nicole A. Saharsky